JOSEPH, J.
This case arose under the Oregon Safe Employment Act (ORS 654.001 to 654.295 and 654.991). On June 2, 1976, a Safety Compliance Officer inspected petitioner’s premises and issued a citation pursuant to ORS 654.071 for eight violations. Petitioner excepted to the citation, and a hearing was held before a referee pursuant to ORS 654.078. The parties stipulated to the facts giving rise to the cited violations and to the dollar amounts of the proposed penalties should the alleged violations be sustained. The referee upehld the citation, except for one alleged violation, which he held not to be a hazard to which employes were exposed.
Petitioner seeks judicial review of the referee’s Opinion and Order, asserting two points. It is claimed first that all but one of the violations found in 1976 existed when the premises were previously inspected in April, 1974; so because no citation issued then, the Division was barred from issuing a citation by ORS 654.071(3), which forbids the issuance of a citation "after the expiration of 180 days following the Board’s knowledge of the occurrence of a violation.” It appears from the record that this argument was not sought to be raised until after the Opinion and Order was issued. Our power to review does not extend to matters not properly raised in the agency proceeding. ORS 183.482(7); see Marbet v. Portland Gen. Elect., 277 Or 447, 456, 561 P2d 154 (1976).
The other point is that the assessment of monetary penalties for the violations, regardless of amounts, was arbitrary and capricious. The assessment was authorized by ORS 654.086, and the amounts were within the statutory limits. We have no power to redetermine the assessment of the penalties. Remodeling Consult. v. Builders Bd., 19 Or App 794, 528 P2d 1373 (1974), rev den (1975).
Affirmed.